UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ALAN MOONEY,<br><br>　　　Plaintiff,<br><br>v.<br><br><br>PRICELINE.COM INCORPORATED,<br>*et al.*,<br><br>　　　Defendants. | CASE NO. 12-cv-2731<br><br><br>Judge: Hon. Donovan W. Frank<br><br>Magistrate Judge: Hon. Janie S. Mayeron<br><br>Date:　　　February 1, 2012<br>Time:　　　11:00 a.m.<br>Courtroom: 7C |

# MEMORANDUM OF LAW
## IN SUPPORT OF PLAINTIFF'S MOTION FOR REMAND TO STATE COURT

　　　Plaintiff, Alan Mooney, respectfully submits this Memorandum of Law in Support of his Motion to Remand to State Court. Remand is appropriate because the defendants have failed to carry their burden of demonstrating that this action falls within the scope of federal subject matter jurisdiction. The Removing Defendants' grounds for removal are premised entirely on federal removal jurisdiction under the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453 ("CAFA"). But this is not a class action at all—this is an individual suit, with individual claims asserted under Minnesota state antitrust law, consumer protection laws, and common law. Several of Plaintiff's individual claims for relief are asserted under the Private Attorney General ("AG") Statute, Minn. Stat. § 8.31 subd. 3a. Under Minnesota law, Plaintiff must assert a public benefit to bring his individual claims under the Private AG Statute, and he has done so. However, the Removing Defendants disingenuously focus on Plaintiff's allegations that his pursuit of

individual relief will have a public benefit to the citizens of Minnesota in order to misconstrue Plaintiff's Complaint as something which it patently is not.

It is clear from the face of the Complaint that the individual Plaintiff, Alan Mooney, makes solely individual claims for individual relief. The class allegations which are prerequisites to the commencement of a class action under both Minn. R. Civ. P. 23 and Fed. R. Civ. P. 23 are entirely absent from the Complaint —neither numerosity, nor commonality, nor typicality, nor adequacy has been alleged. There is no proposed class definition anywhere within the Complaint. The words "class action" are not included within the case caption of the Complaint, nor anywhere else within. The Complaint does not even contain a *single* use of the word "class" apart from citations. Under its own terms, CAFA does not apply to this case.

Plaintiff, as the master of his complaint, has brought an individual suit under Minnesota state laws, claiming individual relief. Defendants wish the Court to misconstrue his claim as a class action even when none of the prerequisites for pleading a class action are satisfied by his Complaint. As many courts have held, in various contexts, "if it walks like a duck, quacks like a duck, and looks like a duck, then it's a duck"—even if some would insist upon calling it a chicken.[1] This action must be remanded to the Hennepin County District Court. Because the Notice of Removal was

---

[1] *BMC Industries, Inc. v. Barth Industries, Inc.*, 160 F.3d 1322, 1337 (11th Cir. 1998); *see also, e.g.*, *Hurston v. Director, Office of Workers Compensation Programs,* 989 F.2d 1547, 1549 (9th Cir.1993); *Dole v. Williams Enterprises, Inc.*, 876 F.2d 186, 188 n.2 (D.C. Cir. 1989); *Tidelands Marine Service v. Patterson*, 719 F.2d 126, 128 n.3 (5th Cir. 1983); *Psarianos v. Kikis,* 941 F. Supp. 79, 80 (E.D. Tex. 1996).

objectively unreasonable, costs, expenses and attorneys' fees should be awarded to the Plaintiff.

## LEGAL STANDARD

The propriety of removal to federal court depends on whether the claim comes within the scope of the federal court's subject matter jurisdiction. *See* 28 U.S.C. § 1441(b). The Eighth Circuit has instructed that "[i]n every federal case the [district] court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc*., 445 F.3d 1046, 1050 (8th Cir. 2006). Courts are to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Indus*., 823 F.2d 214, 216 (8th Cir. 1987).

The party seeking removal and opposing remand has the burden to establish that all prerequisites to federal subject matter jurisdiction are satisfied. *In re Business Men's Assurance Co. of America*, 992 F.2d 181, 183 (8th Cir. 1993); *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969). Removal statutes are strictly construed, and all doubts about federal subject matter jurisdiction must be resolved in favor of remand. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997); *In re Business Men's Assurance Co.*, 992 F.3d at 183. The jurisdictional doubt standard also applies in cases removed under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1453. *See Bartnikowski v. NVR, Inc.*, 307 Fed. Appx. 730, 739 (4th Cir. 2009) (jurisdictional doubts are resolved in favor of remand in CAFA cases); *Smith v. Nationwide Property and Cas. Ins. Co.*, 505 F.3d 401, 405 (6th Cir. 2007) (same); *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1329-30 (11th Cir. 2006) (same); *Morgan v.*

*Gay*, 471 F.3d 469, 472 (3rd Cir. 2006) (rejecting proposition that close jurisdictional calls under CAFA should be resolved in favor of federal jurisdiction); *cf. Westerfeld v. Independent Processing, LLC*, 621 F.3d 819, 822–23 (8th Cir. 2010) (CAFA "did not alter the general rule that the party seeking to remove a case to federal court bears the burden of establishing federal jurisdiction").

A plaintiff is "the master of the complaint" with regard to jurisdictional requirements for removal; he may limit his claims, either substantive or financial, to defeat federal jurisdiction. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005). The enactment of CAFA did not alter the proposition that a plaintiff is the master of his complaint, just as it did not alter the rule that the removing party bears the burden of establishing federal subject matter jurisdiction. *Bell*, 557 F.3d at 957.

Under CAFA, federal courts have original diversity jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 in the aggregate; there is minimal diversity among the parties; and there are at least 100 members in the class. 28 U.S.C. § 1332(d); *see also Westerfeld*, 621 F.3d at 822. CAFA specifically defines the term "class action" as meaning: "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). CAFA further defines the term "class members" as meaning: "the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(1)(D).

## PROCEDURAL BACKGROUND

On or about October 9, 2012, Plaintiff Alan Mooney commenced a civil action in the Fourth Judicial District, County of Hennepin, for the State of Minnesota by causing service of a summons and complaint on Defendants. All named Defendants were served with the complaint and summons, except for the foreign Defendant Booking.com B.V. Under Minnesota's "hip-pocket service" regime, a civil action is commenced against each defendant upon service of a summons and complaint. Minn. R. Civ. P. 3.01.

On October 24, 2012, counsel for Defendant Orbitz Worldwide, Inc. contacted Plaintiff's counsel, informing him that his client would be filing a notice of removal and asking Plaintiff to stipulate to a stay of proceedings. Plaintiff's counsel informed counsel for Orbitz that Plaintiff would not agree to any stay, and would request attorneys' fees in connection with a motion to remand. On October 25, 2012, the Removing Defendants filed their Notice of Remand.

## ARGUMENT

**A. Defendants have failed to carry their burden of demonstrating that this case has satisfied all jurisdictional prerequisites for CAFA removal.**

The issue before the Court in this proceeding is whether the Removing Defendants' mere references to a handful of words which, taken out of context, are suggestive of a class action may overcome the complete lack in the Complaint of any allegations regarding class action prerequisites, any proposed class definition, or any other fundamental elements of a class action, such that federal subject matter jurisdiction may be established under CAFA. Plaintiff respectfully submits that CAFA does not apply

to this case because CAFA's own terms and definitions prevent its application here, and because the few words providing the sole basis for the Removing Defendants' portrayal of this case and assertion of CAFA must be understood in the context of Plaintiff's well-pleaded individual claims under a state Private Attorney General Statute requiring the assertion of a public benefit. The rulings of the Minnesota Supreme Court and the U.S. Court of Appeals for the Eighth Circuit make clear that Plaintiff has not asserted a class action and that the Removing Defendants cannot revise the Complaint by implication to make it something other than it is.

The Complaint charges the Defendants with causing individual injury to Plaintiff Mooney through their anticompetitive price-fixing conduct, which constituted a contract, combination or conspiracy in restraint of trade in violation of Minnesota antitrust law. (*See generally* Compl.) Further, the Online Travel Agent Defendants, as defined in the Complaint, used deceptive advertising, made false statements in their advertising, and engaged in other fraudulent behavior. (*E.g.*, Compl. ¶¶ 96–112.) These activities may have been aimed at the general public rather than at Plaintiff specifically, but Plaintiff suffered a specific and particular personal injury, compensable and redressable under the laws of Minnesota. (*E.g.*, Compl. ¶¶ 95, 99, 106, 112, 116.) The main factual and legal allegations presented in Plaintiff's Complaint allege violations of the Minnesota Antitrust Law of 1971, Minn. Stat. § 325D.49 *et seq.*, the Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. § 325D.43 *et seq.*, the Minnesota False Statement in Advertising Act, Minn. Stat. § 325F.67, the Minnesota Prevention of Consumer Fraud

Act, Minn. Stat. § 325F.68 *et seq.*, and common-law unjust enrichment. (*See generally* Compl.)

Hoping to persuade this Court that a class action was asserted, the Removing Defendants base their removal language on a highly selective citation of the Complaint, failing to inform the Court that none of the prerequisites to bring a class action under Minnesota or federal law have been pled, nor has any class definition been proposed, nor are any of the other hallmarks of a class action present. A review of Plaintiff's Complaint and the provisions of CAFA readily confirms that the Removing Defendants' assertions are without merit.

### B. On its face, the Complaint alleges only claims for individual relief.

It is clear from the face of the Complaint that it is not a class action. Rather, even a cursory review shows that the Complaint alleges claims for individual relief on behalf of a singular Plaintiff. In all cases, Plaintiff Mooney is referred to in the singular—"Plaintiff"—rather than as a class of "plaintiffs." (*See generally* Compl.) The words "class action" are absent from the case caption. (*See id.* at 1.) In fact, the word "class" is not used a single time within the Complaint—apart from several citations to evidentiary material in support of Plaintiff's individual claims. (*See generally id.*; *but see* ¶¶ 40, 60.) In specifying the relief requested, Plaintiff does not ask for an order certifying the case as a class action, nor does he ask to be appointed as representative of any class. (*See id.* at 36.) Rather, Plaintiff asks for individual relief from the injuries caused to him in particular by Defendants' anticompetitive conduct, in the form of damages, disgorgement of ill-gotten gains, injunctive relief, costs, reasonable attorneys' fees and other equitable

relief as the court may determine, through private remedies available to an individual under Minnesota statutory and common law. (*See id.* ¶¶ 86–116 & p.36.)

### C. On its face, the Complaint does not present a "class action" for the purposes of original diversity jurisdiction under CAFA.

It is clear from the face of the Complaint that this action is not a "class action" for the purposes of removal under the provisions of CAFA. Original diversity jurisdiction under CAFA requires, by definition, that the removed action be a "class action." 28 U.S.C. § 1332(d)(2) ("The district courts shall have original jurisdiction of any civil action in which the matter in controversy . . . is a class action . . . ."). CAFA specifically defines the term "class action" as meaning: "any civil action filed under [R]ule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

Rule 23 of the Minnesota Rules of Civil Procedure follows Rule 23 of the Federal Rules of Civil Procedure in mandating certain prerequisites to a class action. These are:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if:
> (a) the class is so numerous that joinder of all members is impracticable;
> (b) there are questions of law or fact common to the class;
> (c) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (d) the representative parties will fairly and adequately protect the interests of the class.

Minn. R. Civ. P. 23.01; *accord* Fed. R. Civ. P. 23(a) (substantially the same wording). Under Minnesota law, if a plaintiff fails to allege that the prerequisites to a class action are satisfied, that plaintiff has not brought a class action. *See Adelman v. Onischuk*, 135

N.W. 2d 670, 679 (Minn. 1965) (assigning error to trial court's determination that plaintiffs had brought a class action where, *inter alia*, "plaintiffs have not alleged that the class right involves a common question of law or fact and that common relief is sought"), *certiorari denied*, 382 U.S. 108 (1965).

Here, it is clear from the face of the Complaint that Plaintiff has not brought a class action. Plaintiff made no allegations whatsoever regarding any of the prerequisites for a class action under the Minnesota or federal rules. (*See generally* Compl.) Neither numerosity, commonality, typicality, nor adequacy is addressed in any form, at any point in the Complaint. This fact alone is sufficient to preclude any legal finding that Plaintiff has brought a "class action" under Minnesota law. *See Adelman*, 135 N.W. 2d at 679.

Furthermore, in view of CAFA's specific definition of the term "class action," it is clear that CAFA has no application to this action. CAFA defines a "class action" as a civil action filed under Fed. R. Civ. P. 23 or a similar state rule of procedure. 28 U.S.C. § 1332(d)(1)(B). Given the absence of any pleading of the prerequisites to a class action under Fed. R. Civ. P. 23 and Minn. R. Civ. P. 23.01, it is clear that the Complaint does not present a "class action" as defined by CAFA. The "mass action" provisions of CAFA similarly do not support removal, as a "mass action" is identical to a "class action" insofar as it requires Plaintiff to assert "common questions of law or fact." 28 U.S.C. § 1332(d)(11)(b). Plaintiff has not done so, and CAFA has no application.

### D. There are no "class members" for the purposes of diversity jurisdiction under CAFA, because no class definition is proposed in the Complaint.

It is clear from the face of the Complaint that there are no "class members" that could be referenced in order to find the minimal diversity necessary for removal under the provisions of CAFA. Original diversity jurisdiction under CAFA requires a finding of minimal diversity between "any member of a class of plaintiffs" and a defendant. 28 U.S.C. § 1332(d)(2). CAFA specifically defines the term "class members" as meaning: "the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(1)(D).

This definition of "class members" is important because the Removing Defendants and the Court must reference a class member to establish minimal diversity. The Removing Defendants purport to reference Plaintiff Alan Mooney as a member of a class. (Notice of Removal ¶ 8.) However, this claim is belied by the Complaint, which at no point proposes any class definition. (*See generally* Compl.) Without a class definition, Plaintiff is not and cannot be a "class member" as defined by CAFA for the purposes of removal jurisdiction. *See* 28 U.S.C. § 1332(d)(1)(D). The definition of "class member" in CAFA is unambiguous, and Plaintiff's decision—as the master of his complaint—to refrain from defining any proposed class forecloses the possibility of federal subject matter jurisdiction under CAFA.

### E. The language the Removing Defendants focus on is a mere product of the fact that individual claims under Minnesota consumer protection laws require assertion of a public benefit.

The Removing Defendants portray the Complaint as asserting a class action based upon only several words which they apparently found suggestive, despite the absence of

- 10 -

any of the standard pleading requirements for a class action—their entire stated basis for the Notice of Removal rests upon these words. Specifically, they cite the words "on behalf of himself and all others similarly situated" and several uses of the word "public." (Notice of Removal ¶ 11.) Apparently, the Removing Defendants believe that a class action can be asserted, and removal jurisdiction under CAFA can be proper, based on mere "labels and conclusions" or a "bare assertion." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965–66. However, these bare phrases should not be read as suggestive of a class action in the context of a Complaint alleging individual causes of action under the Minnesota Private Attorney General Statute.

The Minnesota attorney general is provided broad statutory authority under Minn. Stat. § 8.31 to investigate violations of law regarding unlawful business practices barred by a variety of statutory prohibitions, including the Minnesota Antitrust Act of 1971, the Minnesota False Statement in Advertising Act, and the Minnesota Prevention of Consumer Fraud Act. *See Ly v. Nystrom*, 615 N.W. 2d 302 (Minn. 2000). The Private Attorney General ("AG") Statute, Minn. Stat. § 8.31 subd. 3a, further provides that "any person injured by a violation" of the laws entrusted to the attorney general to investigate and enforce may bring a private civil action and recover damages together with costs and attorneys' fees. *See id.*

However, under Minnesota law, a plaintiff is required to assert a public benefit to his cause of action as an element of stating an individual claim under the Private AG Statute. *See Curtis v. Altria Group, Inc.*, 813 N.W. 2d 891, 899 (Minn. 2012); *Ly v. Nystrom*, 615 N.W. 2d 302, 313–14 (Minn. 2000) (reversing where enforcement of

plaintiff's fraud claim "has no public benefit" and "holding that public interest must be demonstrated to state a claim under the Private AG Statute").

Thus, in order to bring his individual claims under the Private AG Statute, Plaintiff was required by Minnesota law to assert in the Complaint that his private, individual action would have a public benefit, or would be in the public interest. Plaintiff did so in various forms, which the Removing Defendants now point to as establishing a class action. (Notice of Removal ¶ 11; Complaint at 1, ¶¶ 88, 97, 105, etc.) In this light, the Removing Defendants' arguments— premised upon a handful of words in the Complaint despite the absence of any class action prerequisites or any class definition—are objectively unreasonable.

The Removing Defendants should not be allowed to remove based merely on assertions that a private individual action will have public benefits for citizens of the State of Minnesota. The Removing Defendants do not contest that complete diversity does not exist in this action. (*See* Notice of Removal, ¶ 9.j, 9.k.) Nor has every Defendant consented to and joined in the Notice of Removal. To deny remand in this case would establish a vast expansion of removal jurisdiction over individual claims brought under Minnesota state law, even where complete diversity does not exist and not all Defendants consent. Such a principle would be absurd and unwarranted by law, and cannot be allowed to stand.

**F. Costs and attorneys' fees are warranted in this case**

Plaintiff Mooney has also moved the Court to award Plaintiff with just costs and any actual expenses, including attorneys' fees, incurred as a result of removal pursuant to

28 U.S.C. § 1447(c). A district court may award attorneys' fees under § 1447(c) where "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). District courts also retain discretion to consider whether unusual circumstances, relevant to the issue at hand, warrant a departure from the rule in a given case. *Id.*

The Complaint contains no allegations which would support a class action under Fed. R. Civ. P. 23 or Minn. R. Civ. P. 23, and solely claims individual relief. CAFA is facially inapplicable to the Complaint, because the Complaint did not allege any of the prerequisites to bringing a class action, did not propose a class definition, and therefore had no "class members" for the purposes of original diversity jurisdiction under CAFA. It was objectively unreasonable for the Removing Defendants to misinterpret Plaintiff's individual action as a class action for the purposes of removal, and Plaintiff is entitled to an award of just costs, expenses, and attorneys' fees for bringing this motion to remand.

Plaintiff's counsel previously informed counsel for Defendant Orbitz Worldwide, Inc., Foley & Mansfield, Stephen J. Foley and Jared D. Kemper, prior to the Removing Defendants' filing of the Notice of Removal, that he would seek an award of costs, expenses and attorneys' fees from  in connection with remand. The remaining Removing Defendants who signed the Notice of Removal are equally culpable, in that they affirmatively supported Orbitz's removal of this case, and indeed, agreed to it in writing. Plaintiff therefore respectfully requests that pursuant to 28 U.S.C. § 1447, this Court order all Removing Defendants to pay Plaintiff's costs, expenses and attorneys' fees incurred in having to file his motion to remand.

## **CONCLUSION**

The Removing Defendants have failed to carry their burden of demonstrating that this case has satisfied all jurisdictional prerequisites for removal under the provisions of CAFA, the sole basis cited as grounds for removal. This case, presenting the individual state law claims of a single Plaintiff, pleaded in accordance with the principles of state law, has been needlessly delayed by removal to this Court. For all of the foregoing reasons, this case should be immediately remanded to state court and all costs, expenses and attorneys' fees incurred by Plaintiff in connection with having to bring this motion to remand should be awarded to Plaintiff.

Respectfully submitted,

DATED: October 26, 2012

By: s/ Paul R. Hansmeier
Paul R. Hansmeier (Bar No. 387795)
Alpha Law Firm LLC
900 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 234-5744
prhansmeier@thefirm.mn
*Attorney for Plaintiff Alan Mooney*