**ROBINS, KAPLAN, MILLER & CIRESI** L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Tel: 612-349-8500 Fax: 612-339-418
www.rkmc.com

ATTORNEYS AT LAW

Stephen P. Safranski
SPSafranski@rkmc.com
612-349-0627

November 21, 2012                                                                                     BY ECF

The Honorable Donovan W. Frank
Judge of United States District Court
United States District Court
724 Federal Building
316 N. Robert Street
St. Paul, MN 55101

  RE: Alan Mooney v. Priceline.com Incorporated, et al.
     **Civil Action No. 0:12-cv-02731**

Dear Judge Frank:

  On behalf of Defendants Carlson Hotels, Inc. and Radisson Hotels International, Inc., I write regarding the Court's October 30, 2012 Order (ECF #23) extending their time to answer or otherwise respond to the complaint until December 1, 2012, and Magistrate Judge Mayeron's November 16, 2012 Order (ECF #62) denying Carlson and Radisson's application for a further extension of time. Magistrate Judge Mayeron denied Carlson and Radisson's application, along with the separate extension motion filed by the other Defendants, on the grounds that they were attempts to seek reconsideration that did not comply with Local Rule 7.1(h). Like the other Defendants, Carlson and Radisson do not believe that they were seeking reconsideration of the October 30 Order, but were requesting a further extension of time to preserve the *status quo* while the Court considers whether it has subject matter jurisdiction and, if so, whether to stay this case pending the outcome of centralization proceedings before the Judicial Panel on Multidistrict Litigation ("JPML"). (*See* October 30 Order at 2 (the Court would first consider jurisdiction, and "should the case remain in this court," reserves the right to stay other proceedings pending JPML transfer).)

  Although Carlson and Radisson could raise this issue by appeal under Fed. R. Civ. P. 72, given the nature of the issues presented and in an abundance of caution and deference to the Magistrate Judge's ruling that reconsideration is the appropriate avenue for seeking this extension, Carlson and Radisson are presenting their request for an additional extension of time as a letter request for

November 21, 2012
Page 2

---

reconsideration under D. Minn. L.R. 7.1(h) and Fed. R. Civ. P. 6(b).[1] Specifically, Carlson and Radisson request that the Court modify its October 30 Order to further extend the time for answering until the later of (i) three weeks after an Order determining whether to remand this action for lack of subject-matter jurisdiction, or (ii) January 15, 2013.

The grounds for the request are straightforward. Within a relatively short time, this action is very likely to be either (a) remanded to State court because it is not a "class action" removable under the Class Action Fairness Act, or (b) conditionally transferred to an MDL jurisdiction for centralized proceedings. Although the Court has indicated that it will first decide whether subject-matter jurisdiction exists, it is unlikely that the Court will have occasion to rule on the merits of Plaintiff's complaint because the case will either be remanded or transferred to another jurisdiction. The requested additional extension will facilitate the Court's consideration of subject-matter jurisdiction, while avoiding burdening the Court and the parties with briefing of Rule 12 motions while the Court considers its jurisdiction.

Carlson and Radisson do not make this request lightly. But the requested extension offers a meaningful opportunity for the Court and the parties to avoid burdensome, duplicative proceedings, focusing immediate consideration on the threshold issue of subject-matter jurisdiction. If the Court is inclined to consider a modification to the current deadline for responding, it may deem this letter and Carlson and Radisson's previously filed application (ECF #59) to be their application for a further extension of time under Fed. R. Civ. P. 6(b)(1)(A).

Sincerely,

Stephen P. Safranski

cc: All counsel of record (by ECF)

---

[1] Fed. R. Civ. P. 6(b)(1)(A) provides that a request for extension of time can be made "with or without motion or notice . . . if a request is made, before the original time or its extension expires."